# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

Andrea Pekarek and Kevin Sisk as Personal
Representatives of the Estate of Kenneth S. Sisk,
and Kevin Sisk, Individually,

                           **Plaintiffs,**                        **Case Nos.:**

v.

                                                        **Hon.**

                                                        **Complaint and Jury Demand**

**Blair Fish Company, LLC,**
**and Blair Fisheries, INC,**

                           **Defendants.**

---

**Brian J. McKeen (P34123)**
**Steven C. Hurbis (P80993)**
McKeen & Associates, P.C.
Attorneys for Plaintiffs
645 Griswold Street
Suite 4200
Detroit, MI 48226
Ph.: (313) 961-4400
E:bjmckeen@mckeenassociates.com
E:shurbis@mckeenassociates.com

---

# TABLE OF CONTENTS

COMPLAINT AND JURY DEMAND ..................................................................1

I. PRELIMINARY STATEMENT AND INTRODUCTION .......................................1

II. JURISDICTION AND VENUE............................................................................2

III. PARTIES AND KEY INDIVIDUALS ................................................................3

IV. FACTUAL ALLEGATIONS ...............................................................................3

V. CLAIMS AGAINST DEFENDANTS..................................................................5

      A. COUNT ONE – Gross Negligence ..............................................................5

      B. COUNT TWO – Negligence........................................................................6

      C. COUNT THREE – Vicarious Liability .......................................................7

      D. COUNT FOUR– Negligent Supervision ....................................................8

VI. DAMAGES..........................................................................................................9

REQUEST FOR RELIEF .........................................................................................10

JURY DEMAND ......................................................................................................12

## COMPLAINT AND JURY DEMAND

**NOW COME** Plaintiffs, by and through their attorney, McKeen and Associates, P.C., hereby allege and state as follows:

### I. PRELIMINARY STATEMENT AND INTRODUCTION

1. This is a civil action for declaratory, equitable, and monetary relief for injuries sustained by Plaintiffs as a result of the acts, conduct, and omissions of Blair Fish Company, LLC, Blair Fisheries, INC, and their respective employees, representatives, and agents, relating to the incident on December 08, 2019.

2. Kevin Sisk and his father, Kenneth Sisk, boarded their fishing vessel the morning of December 08, 2019. The boat was a 16' recreational vessel.

3. Kevin and Kenneth intended to fish Lake Erie the morning of December 08, 2019.

4. Kevin and Kenneth were traveling on the lake for approximately ten minutes when the vessel encountered a fishing net.

5. The motor of the recreational vessel was immediately stopped.

6. However, the fishing net had become entangled around the prop of the recreational vessel.

7. The recreational vessel began to take on water.

8. Kevin and Kenneth were able to call 911 and secure two life jackets with a flotation device before the vessel capsized.

9. Kevin remained near the vessel while Kenneth began to float away.

10. Search and rescue from the Monroe County Sheriff's Department, Michigan State Police, United States Coast Guard, and Michigan Department of Natural Resources arrived on scene.

11. Kevin was recovered and taken emergently to Promedica Monroe Regional Hospital where he was treated for hypothermia.

12. Kenneth was not recovered on December 08, 2019. Kenneth's body was located nearly 3 months later. His cause of death was drowning.

13. The Michigan Department of Natural Resources issued 3 Uniform Law Citations. The Defendants were cited for violating FO 243.17(6), R281.113(c)(i), and R281.113(3)(a).

14. These citations encompassed the Defendants fishing outside of the appropriate season, improperly marking commercial nets flags, and improperly marking the commercial net floats.

15. This action arises from Defendants' blatant disregard for Plaintiffs' safety and Defendants' duty to properly maintain and mark their fishing nets.

## II. JURISDICTION AND VENUE

16. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

17. This action is brought pursuant to the Court's federal admiralty jurisdiction.

18. The District Court has appropriate jurisdiction if the tort occurred on a navigable water and the tort bore a substantial relationship to a maritime activity.

19. The Court has appropriate jurisdiction as Lake Eire is a navigable water and commercial fishing is a maritime activity.

20. The events giving rise to this lawsuit occurred in Monroe County, Michigan which sits in the Southern Division of the Eastern District of Michigan.

21. Venue is proper in the United States District Court for the Eastern District of Michigan, pursuant to the Court's federal admiralty jurisdiction in that this is the judicial district in

which the events giving rise to the claim occurred.

### III.  PARTIES AND KEY INDIVIDUALS

22. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

23. Plaintiff Kevin Sisk is a resident of the County of Monroe, State of Michigan.

24. Personal Representative Andrea Pekarek is a resident of the County of Monroe, State of Michigan.

25. Kenneth Sisk was a resident of the County of Monroe, State of Michigan.

26. Blair Fish Company LLC is a limited liability corporation conducting business in the County of Monroe, State of Michigan.

27. Blair Fisheries, INC is a corporation organized in Ohio and conducting business in the County of Monroe, State of Michigan.

28. The Defendants placed commercial fishing nets in Lake Erie, a navigable water, in the County of Monroe, State of Michigan.

29. The injuries occurred on Lake Erie in the County of Monroe, State of Michigan.

### IV.  FACTUAL ALLEGATIONS

30. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

31. At all times relevant hereto, Blair Fish Company, LLC was a limited liability corporation conducting a commercial fishing operation on Lake Erie.

32. At all times relevant hereto, Blair Fisheries, INC was a cooperation conducting a commercial fishing operation on Lake Erie.

33. On December 08, 2019, the Defendants maintained control and were responsible for

maintaining commercial fishing nets placed in Lake Erie.

34. Kevin Sisk and his father, Kenneth Sisk, boarded their fishing boat the morning of December 08, 2019. The boat was a 16' recreational vessel.

35. Kevin and Kenneth intended to fish Lake Erie the morning of December 08, 2019.

36. Kevin and Kenneth were traveling on the water for approximately ten minutes when the boat encountered a fishing net.

37. The fishing net became entangled around the prop of the recreational vessel.

38. The commercial fishing net was maintained by the Defendants.

39. The recreational vessel began to take on water.

40. Kevin and Kenneth were able to call 911 and secure two life jackets with a flotation device before the vessel capsized.

41. Kevin remained near the vessel while Kenneth began to float away.

42. Search and rescue from the Monroe County Sheriff's Department, Michigan State Police, United States Coast Guard, and Michigan Department of Natural Resources arrived on scene.

43. Kevin was recovered and taken emergently to Promedica Monroe Regional Hospital where he was treated for hypothermia.

44. Kenneth was not recovered on December 08, 2019. Kenneth's body was recovered nearly 3 months later. His cause of death was drowning.

45. The Michigan Department of Natural Resources issued 3 Uniform Law Citations. The Defendants were cited for violating FO 243.17(6), R281.113(c)(i), and R281.113(3)(a).

46. These citations encompassed the Defendants fishing outside of the appropriate season, improperly marking the net with flags, and improperly marking the net floats.

47. The incident occurred on Lake Erie, a navigable water, while the Defendants were engaged in a commercial fishing operation, a maritime activity.

## V. CLAIMS AGAINST BLAIR FISH COMPANY, LLC AND BLAIR FISHERIES, INC

### COUNT ONE: GROSS NEGLIGENCE OF BLAIR FISH COMPANY, LLC & BLAIR FISHERIES, INC

48. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

49. The Defendants owed Plaintiffs a duty to use due care to ensure their safety by properly marking, maintaining, and using commercial fishing nets.

50. The Defendants owed Plaintiffs a duty of due care in carrying out a proper commercial fishing operation.

51. The Defendants were required to fish only in the appropriate season, the Defendants were required to use appropriately sized and color flags, and the Defendants were required to use appropriately sized and color buoys. The flags and buoys were not appropriately sized or colored florescent orange.

52. The Defendants' failure to adequately mark, maintain, use, and monitor the commercial fishing nets was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiffs.

53. The Defendants' conduct demonstrated a willful disregard for precautions to ensure Plaintiffs' safety.

54. The Defendants' conduct as described above, demonstrated a willful disregard for substantial risks to Plaintiffs.

55. The Defendants breached duties owed to Plaintiffs and were grossly negligent when they

conducted themselves by the actions described above, said acts having been committed with reckless disregard for Plaintiffs' health, safety, statutory rights, and with a substantial lack of concern as to whether an injury would result.

56. As a direct and/or proximate result of Defendants' actions and/or inactions, Kevin and Kenneth Sisk were unable to properly identify the commercial fishing net and their vessel became entangled in the net, causing the vessel to capsize.

57. As a direct and/or proximate result of Defendants' actions and/or inactions, Kevin Sisk has suffered and continues to suffer pain and suffering, pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, post-traumatic stress disorder resulting in physically manifested injuries including anxiety, depressions, sleep disorders, nightmares, psychological injuries, and physical injuries.

58. As a direct and/or proximate result of Defendants' actions and/or inactions, Kenneth Sisk lost his life.

## COUNT TWO: NEGLIGENCE AGAINST BLAIR FISH COMPANY, LLC AND BLAIR FISHERIES, INC

59. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

60. The Defendants owed Plaintiffs a duty of ordinary care to ensure their safety by properly marking, maintaining, and using commercial fishing nets.

61. The Defendants owed Plaintiffs a duty of ordinary care.

62. The Defendants were required to fish only in the appropriate season, the Defendants were required to use appropriately sized and color flags, and the Defendants were required to use

appropriately sized and color buoys. The flags and buoys were not appropriately sized or colored florescent orange.

63. The Defendants' failure to adequately mark, maintain, use, and monitor the commercial fishing nets breached the duty of ordinary care.

64. As a direct and/or proximate result of Defendants' actions and/or inactions, Kevin and Kenneth Sisk were unable to properly identify the commercial fishing net and their vessel became entangled in the net, causing the vessel to capsize.

65. As a direct and/or proximate result of Defendants' actions and/or inactions, Kevin Sisk has suffered and continues to suffer pain and suffering, pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, post-traumatic stress disorder resulting in physically manifested injuries including anxiety, depressions, sleep disorders, nightmares, psychological injuries, and physical injuries.

66. As a direct and/or proximate result of Defendants' actions and/or inactions, Kenneth Sisk lost his life.

## COUNT THREE: VICARIOUS LIABILITY AGAINST THE DEFENDANTS

67. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

68. Vicarious liability is indirect responsibility imposed by operation of law where an employer is bound to keep its employees within their proper bounds and is responsible if it fails to do so.

69. Vicarious liability essentially creates agency between the principal and its agent, so that the principal is held to have done what the agent has done.

70. The Defendants are vicariously liable for the actions of any employee as described above that were performed during the course of their employment, representation, and/or agency with the Defendants and while involved in the commercial fishing operation.

71. As a direct and/or proximate result of Defendants' actions and/or inactions, Kevin and Kenneth Sisk were unable to properly identify the commercial fishing net and their vessel became entangled in the net, causing the vessel to capsize.

72. As a direct and/or proximate result of Defendants' actions and/or inactions, Kevin Sisk has suffered and continues to suffer pain and suffering, pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, post-traumatic stress disorder resulting in physically manifested injuries including anxiety, depressions, sleep disorders, nightmares, psychological injuries, and physical injuries.

73. As a direct and/or proximate result of Defendants' actions and/or inactions, Kenneth Sisk lost his life.

## COUNT FOUR: NEGLIGENT SUPERVISION AGAINST BLAIR FISH COMPANY, LLC AND BLAIR FISHERIES, INC

74. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

75. The Defendants had a duty to provide reasonable supervision of their employees, agents, and/or representatives while they were in the course of their employment, agency or representation with the Defendants and while they engaged in placing, maintaining, and marking commercial fishing nets.

76. The Defendants breached their duty to provide reasonable supervision and permitted the

employees to improperly mark and maintain commercial fishing nets as described above.

77. As a direct and/or proximate result of Defendants' actions and/or inactions, Kevin and Kenneth Sisk were unable to properly identify the commercial fishing net and their vessel became entangled in the net, causing the vessel to capsize.

78. As a direct and/or proximate result of Defendants' actions and/or inactions, Kevin Sisk has suffered and continues to suffer pain and suffering, pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, post-traumatic stress disorder resulting in physically manifested injuries including anxiety, depressions, sleep disorders, nightmares, psychological injuries, and physical injuries.

79. As a direct and/or proximate result of Defendants' actions and/or inactions, Kenneth Sisk lost his life.

## VI.   DAMAGES – ALL ACTIONS

80. Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs

81. As a direct and/or proximate result of Defendants' actions and/or inactions, Kevin and Kenneth Sisk were unable to properly identify the commercial fishing net and their vessel became entangled in the net, causing the vessel to capsize.

82. As a direct and/or proximate result of Defendants' actions and/or inactions, Kevin Sisk has suffered and continues to suffer pain and suffering, pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, post-traumatic stress disorder resulting in physically manifested injuries including anxiety, depressions,

sleep disorders, nightmares, psychological injuries, and physical injuries.

83. As a direct and/or proximate result of Defendants' actions and/or inactions, Kenneth Sisk lost his life.

84. The conduct, actions and/or inactions of Defendants as alleged in the above stated counts and causes of action constitute violations of Plaintiffs' Federal rights as well as the common and/or statutory laws of the State of Michigan, including the Michigan Wrongful Death Statute, and the United States District Court has jurisdiction to hear and adjudicate said claims on navigable waters involving maritime activity.

85. In whole or in part, as a result of some or all of the above actions and/or inactions of Defendants, Plaintiff Kevin Sisk has and continues to suffer irreparable harm as a result of the violations.

86. The amount in controversy for each Plaintiff exceeds the jurisdictional minimum of $75,000.00.

WHEREFORE, Plaintiffs request this Court and the finder of fact to enter a Judgment in Plaintiffs' favor against all named Defendants on all counts and claims as indicated above in an amount consistent with the proofs of trial, and seeks against Defendants all appropriate damages arising out of law, equity, and fact for each or all of the above counts where applicable and hereby requests that the trier of fact, be it judge or jury, award Plaintiffs all applicable damages, including but not limited to compensatory, special, exemplary and/or punitive damages, in whatever amount the Plaintiffs are entitled, and all other relief arising out of law, equity, and fact, also including but not limited to:

a) Compensatory damages in an amount to be determined as fair and just under the circumstances, by the trier of fact including, but not limited to medical expenses, loss of

earnings, mental anguish, anxiety, humiliation, and embarrassment, violation of Plaintiffs' Federal, and State rights, loss of social pleasure and enjoyment, and other damages to be proved;

c) Reasonable attorney fees, interest, and costs; and,

d) Other declaratory, equitable, and/or injunctive relief, including, but not limited to implementation of institutional reform and measures of accountability to ensure the safety and protection of young athletes and other individuals, as appears to be reasonable and just.

**Respectfully Submitted,**

Dated: January 13, 2021

/S/ STEVEN C. HURBIS
**Brian J. McKeen (P34123)**
**Steven C. Hurbis (P80993)**
McKeen & Associates, P.C.
Attorneys for Plaintiffs
645 Griswold Street
Suite 4200
Detroit, MI 48226
Ph.: (313) 961-4400
E:bjmckeen@mckeenassociates.com
E:shurbis@mckeenassociates.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

**Andrea Pekarek and Kevin Sisk as Personal Representatives of the Estate of Kenneth S. Sisk, and Kevin Sisk Individually,**

        **Plaintiffs,**

v.

**Blair Fish Company, LLC and Blair Fisheries, INC.,**

        **Defendants.**

**Case Nos.:**

**Hon.**

**Complaint and Jury Demand**

---

**Brian J. McKeen (P34123)**
**Steven C. Hurbis (P80993)**
McKeen & Associates, P.C.
Attorneys for Plaintiffs
645 Griswold Street
Suite 4200
Detroit, MI 48226
Ph.: (313) 961-4400
E:bjmckeen@mckeenassociates.com
E:shurbis@mckeenassociates.com

---

## JURY DEMAND

Plaintiffs, by and through their attorneys, McKeen and Associates, P.C., hereby demand a trial by jury on all claims set forth above.

        **Respectfully Submitted,**

Dated: January 13, 2021

        /S/ STEVEN C. HURBIS
        **Brian J. McKeen (P34123)**
        **Steven C. Hurbis (P80993)**
        McKeen & Associates, P.C.
        Attorneys for Plaintiffs
        645 Griswold Street, Suite 4200
        Detroit, MI 48226
        Ph.: (313) 961-4400
        E:bjmckeen@mckeenassociates.com
        E:shurbis@mckeenassociates.com